599 F.2d 304
 Francis G. WRIGHT, as Guardian of the Person and Estate of
Patrick W. Cary, a minor and incompetent, and
James Cary and Kathleen Cary,
Individually, Appellants,
v.
UNITED STATES of America, Appellee.
 No. 77-2265.
 United States Court of Appeals,
Ninth Circuit.
 June 25, 1979.
 
 Thomas H. Foulds, Foulds, Felker, Gelfand & Hodges, P. S., Seattle, Wash., Thomas A. Olson, U. S. Atty., Billings, Mont., for appellants.
 James E. Purcell, Hensingen, Purcell & Genzberger, P. C., Butte, Mont., for appellee.
 Appeal from the United States District Court for the District of Montana.
 Before ELY and GOODWIN, Circuit Judges, and EAST*, District Judge.
 PER CURIAM:
 
 
 1
 The parents and guardian of a child injured in a swimming pool accident appeal a summary judgment in favor of the government in an action for damages under the Federal Tort Claims Act. We affirm.
 
 
 2
 The relevant factors are undisputed. The injuries were serious, and the negligence alleged would have made out a claim for relief against the swimming-pool operator. The operator, however, is insolvent.
 
 
 3
 The issue before us is whether the federal government, as a lender of money to the Sleeping Buffalo Recreation Association through one of its federal lending agencies, could be liable for the damages caused by the negligence of the borrowing corporation in the management of its swimming pool. The answer is no. United States v. Orleans, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); Perez v. United States, 594 F.2d 280 (1st Cir. 1979).
 
 
 4
 The appellants argue that the Farmers Home Administration in supervising its loan to Sleeping Buffalo (a federally funded rural recreation project) was negligent. They then argue that this negligent supervision of the borrower distinguishes the case from the cases denying recovery against a money lender when an unsupervised operating entity is charged with negligence. The point is fully answered by United States v. Orleans, supra. In that case, the government agency advanced grant funds to a federally funded housing project and exercised substantial monitoring and guidance functions. There was, nonetheless, no government liability under the Federal Tort Claims Act. Other issues briefed by the parties do not require discussion.
 
 
 5
 Affirmed.
 
 
 
 *
 The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation